Opinion filed March 17,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00239-CR & 11-10-00270-CR

                                                    __________

 

                                COY
DUANE LOWREY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                             Trial Court
Cause Nos. 13178 & 13179

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Pursuant to a plea agreement, Coy Duane Lowrey pleaded guilty in 2006 to two offenses of
burglary of a habitation with intent to commit theft.  In cause no.
11-10-00239-CR (trial court cause no. 13178), the trial court deferred a
finding of guilt and placed appellant on deferred adjudication community
supervision for a term of ten years.  The trial court additionally imposed a
fine of $3,000.  In cause no. 11-10-00270-CR (trial court cause no. 13179), the
trial court accepted appellant’s plea of guilty and placed him on community
supervision for a term of ten years.  

In
January 2009, the State filed a motion to proceed with an adjudication of guilt
in cause no. 11-10-00239-CR alleging multiple violations of the terms and
conditions of community supervision.  The State filed an amended motion to
proceed with an adjudication of guilt in August 2010 in cause no.
11-10-00239-CR that also alleged multiple violations of the terms and
conditions of community supervision.  The State additionally filed a motion to
revoke community supervision in cause no. 11-10-00270-CR in August 2010 that
alleged the same violations as the motion to proceed filed in cause no.
11-10-00239-CR.

The
trial court heard both the amended motion to proceed and the motion to revoke
community supervision on August 31, 2010.  Appellant pleaded “true” to all of
the violations alleged by the State.  Based upon appellant’s plea, the trial
court found all of the alleged violations to be true.  In cause no.
11-10-00239-CR, the trial court adjudicated appellant guilty of the charged
offense and assessed his punishment at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of fifteen
years. The trial court’s judgment adjudicating guilt in cause no.
11-10-00239-CR also included the assessment of the original fine in the amount
of $3,000.  In cause no. 11-10-00270-CR, the trial court revoked appellant’s
term of community supervision and assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of ten years.  The trial court further ordered that the two sentences are to be
served concurrently.   We dismiss the appeals.

Appellant’s
court-appointed counsel has filed a motion to withdraw in each case.  Each
motion is supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
briefs and advised appellant of his right to review the records and file a
response to counsel’s briefs.  A response has not been filed.[1] 
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161
S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

 Following the procedures outlined in Anders and Schulman,
we have independently reviewed the records, and we agree that the appeals are
without merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  In
this regard, a plea of true standing alone is sufficient to support a trial
court’s decision to revoke community supervision and proceed with an
adjudication of guilt.  See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. 1979). 

We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of this court seeking review
by the Texas Court of Criminal Appeals. Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex. R. App. P. 68.  

The
motions to withdraw are granted, and the appeals are dismissed.  

 

 

                                                                                                            PER
CURIAM

                                                                                                            

 

March 17, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s briefs.

.